Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
CASIMIRO MARTINEZ,

                              Plaintiff,

    -against-

LEFFERTS GARDENS CONDOMINIUM HOA CORP.,
HEIGHTS SERVICES LLC, and DAVID SPUTZ, as an
individual,

                              Defendants.
-----------------------------------------------------------------------X

**COMPLAINT**

JURY TRIAL
DEMANDED

Plaintiff, **CASIMIRO MARTINEZ**, (hereinafter referred to as "Plaintiff"), by his attorneys at Helen F. Dalton & Associates, P.C., allege upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff, through undersigned counsel, bring this action against **LEFFERTS GARDENS CONDOMINIUM HOA CORP., HEIGHTS SERVICES LLC, and DAVID SPUTZ, as an individual,** (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment at **LEFFERTS GARDENS CONDOMINIUM HOA CORP and HEIGHTS SERVICES LLC**, located at: 383 Kingston Avenue #32 Brooklyn, New York 11213, and 585 Crown St, Brooklyn, New York 11213-5201.

2.      Plaintiff also complains pursuant to the New York State Human Rights Law, New York State Executive Law §§ 296 et seq. ("NYSHRL") and seeks damages to redress the injuries Plaintiff has suffered as a result of being discriminated on the basis of his age by Defendants.

3.      As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

6.      Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES
### *The Plaintiff*

8.      Plaintiff **CASIMIRO MARTINEZ** residing in Brooklyn, New York, was employed by Defendants as a superintendent, maintenance worker and non-residential janitor at **LEFFERTS GARDENS CONDOMINIUM HOA CORP. and HEIGHTS SERVICES LLC**, from in or around 1993 until in or around May 2024.

### *The Corporate Defendants*
### LEFFERTS GARDENS CONDOMINIUM HOA CORP.

9.      Defendant, LEFFERTS GARDENS CONDOMINIUM HOA CORP., is a New York domestic not-for-profit corporation organized under the laws of New York with a principal and service of process address at 383 Kingston Avenue #32 Brooklyn, New York 11213.

10.     At all relevant times hereto, Defendant LEFFERTS GARDENS CONDOMINIUM HOA CORP., through its agents, officers, managers and supervisors, maintains direct

control, oversight, and direct supervision over their employees including Plaintiff in the performance of their duties, which among others include scheduling of work and payment of wages.

11. Accordingly, at all relevant times hereto, Defendant LEFFERTS GARDENS CONDOMINIUM HOA CORP., was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

## HEIGHTS SERVICES LLC

12. Defendant, HEIGHTS SERVICES LLC, is a New York domestic limited liability company organized under the laws of New York with a principal and service of process address at 585 Crown St, Brooklyn, New York 11213-5201.

13. At all relevant times hereto, Defendant HEIGHTS SERVICES LLC, through its agents, officers, managers and supervisors, maintains direct control, oversight, and direct supervision over their employees, including Plaintiff's in the performance of their duties, which among others include scheduling of work and payment of wages.

14. Accordingly, at all relevant times hereto, Defendant HEIGHTS SERVICES LLC, was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

## Joint Enterprise(s) of the Corporate Defendants

15. At all times relevant to this action, Corporate Defendants were Plaintiff's employers as defined by NYLL §§ 2(6), 190(3) and 651(6) and Corporate Defendants employed or jointly employed Plaintiff.

16. During all relevant times hereto, Corporate Defendants acted as a single employer in general and as a joint employer with respect to Plaintiff.

17. During all relevant times hereto, Corporate Defendants treated and/or held out the Plaintiff as an employee of LEFFERTS GARDENS CONDOMINIUM HOA CORP. and HEIGHTS SERVICES LLC.

18. Upon information and belief, Defendant HEIGHT SERVICES LLC served as the managing agent and payroll administrator for Defendant LEFFERTS GARDENS CONDOMINIUM HIA CORP., jointly controlling payroll processing, scheduling, and supervision of Plaintiff's work.

19.     During all relevant times hereto, Plaintiff performed work at Corporate Defendants' job site and on Corporate Defendants' project, for the benefit of all Corporate Defendants.

20.     During all relevant times hereto, Plaintiff understood himself as being an employee of LEFFERTS GARDENS CONDOMINIUM HOA CORP. and HEIGHTS SERVICES LLC.

21.     Corporate Defendants' entities employed the same employees and/or benefited jointly from the work performed by the same employees, including Plaintiff, performed the same type of work on/at the same job sites, and were jointly responsible for supervising the work performed by the same employees, including Plaintiff, at those job sites.

22.     Defendants were jointly responsible for issuing Plaintiff his wages and setting Plaintiff's work schedules and hours.

23.     Defendants were jointly responsible for hiring Plaintiff, setting the rates of pay for Plaintiff, and paying Plaintiff his wages.

24.     Defendants were jointly responsible for maintaining all of their employment records.

25.     The Corporate Defendant entities sued herein functioned as a single integrated enterprise during Plaintiff's employment by Defendants.

26.     Accordingly, at all relevant times hereto, Defendants LEFFERTS GARDENS CONDOMINIUM HOA CORP. and HEIGHTS SERVICES LLC were Plaintiff's employers within the meaning and the intent of the FLSA, and the NYLL.

27.     At all times relevant to the allegations contained in the complaint, Corporate Defendants were, and are an enterprise engaged in interstate commerce within the meaning of the FLSA in that LEFFERTS GARDENS CONDOMINIUM HOA CORP. and HEIGHTS SERVICES LLC (i) have purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) have had annual gross volume of sales of not less than $500,000.00.

***Individual Defendant***

**DAVID SPUTZ**

28.    At all relevant times hereto, Defendant DAVID SPUTZ owns, manages and operates HEIGHTS SERVICES LLC.

29.    Upon information and belief, Defendant DAVID SPUTZ is an agent of HEIGHTS SERVICES LLC.

30.    At all relevant times hereto, Defendant DAVID SPUTZ is responsible for overseeing the daily operations of HEIGHTS SERVICES LLC.

31.    At all relevant times hereto, Defendant DAVID SPUTZ has power and authority over all the final personnel decisions at HEIGHTS SERVICES LLC.

32.    At all relevant times hereto, Defendant DAVID SPUTZ has power and authority over all final payroll decisions of HEIGHTS SERVICES LLC., including the Plaintiff.

33.    At all relevant times hereto, Defendant DAVID SPUTZ has the exclusive final power to hire the employees of HEIGHTS SERVICES LLC., including the Plaintiff.

34.    At all relevant times hereto, Defendant DAVID SPUTZ has exclusive final power over the firing and terminating of the employees of HEIGHTS SERVICES LLC, including Plaintiff.

35.    At all relevant times hereto, Defendant DAVID SPUTZ was responsible for determining, establishing, and paying the wages of all employees of HEIGHTS SERVICES LLC, including the Plaintiff, setting his work schedules, and maintaining all their employment records of the business.

36.    DAVID SPUTZ was personally responsible for Plaintiff's termination.

37.    Accordingly, at all relevant times hereto, Defendant DAVID SPUTZ was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

**RELEVANT STATUTORY PERIOD**

38.    Under the FLSA and NYLL, Plaintiff's federal and state law claims are subject to statute of limitations periods of 3 and 6 years from the date of the filing of the Complaint, respectively. As this Complaint is filed in November 2025, the relevant statutory period for Plaintiff' claims asserted herein encompasses the entirety of the period spanning November 2019 through present ("relevant statutory period.").

## FACTUAL ALLEGATIONS

### i. Wage and Hour Allegations

39.    Plaintiff CASIMIRO MARTINEZ was employed by Defendants as a superintendent, maintenance worker, and non-residential janitor while performing related miscellaneous duties for the Defendants, from in or around 1993 until in or around May 2024.

40.    During his employment, Plaintiff CASIMIRO MARTINEZ was responsible for performing superintendent and maintenance duties at 770 Lefferts Avenue, Brooklyn, New York 11203.

41.    Plaintiff CASIMIRO MARTINEZ performed his regular duties at three buildings which included but was not limited to: cleaning and maintaining the public areas, organizing and removing garbage and recyclables, cleaning three elevators, and maintaining approximately ten apartment units on each of the three buildings, each consisting of five floors.

42.    Plaintiff CASIMIRO MARTINEZ regularly worked approximately five (5) to six (6) days per week from in or around November 2019 until in or around May 2024.

43.    During the relevant statutory period, Plaintiff CASIMIRO MARTINEZ worked a regular schedule of approximately twelve (12) hours per day for three (3) days per week and six (6) hours per day between two (2) to three (3) days per week.

44.    As such, during the relevant statutory period, Plaintiff's regular schedule was approximately between forty-eight (48) and fifty-four (54) hours per week.

45.    In addition to his regular work schedule, Plaintiff CASIMIRO MARTINEZ worked additional hours during certain holiday periods, as described below.

46.    During the relevant statutory period, Plaintiff CASIMIRO MARTINEZ worked approximately twelve (12) hours per day for six (6) days per week during four (4) weeks each year in the fall during the Jewish religious holidays, and approximately twelve (12) hours per day for six (6) days during one (1) week each spring during the week of Passover.

47.    Therefore, during the relevant statutory period, Plaintiff was regularly required to work approximately seventy-two (72) hours per week for five (5) weeks per year.

6

48.     Plaintiff was paid a flat biweekly salary of $910.00 from in or around November 2019 until in or around December 2019 and a flat biweekly salary of $1,300.00 from in or around January 2020 until in or around May 2024.

49.     Although Plaintiff CASIMIRO MARTINEZ worked approximately between forty-eight (48) and fifty-four (54) hours per week during the relevant statutory period, and approximately seventy-two (72) hours per week for five (5) weeks each year during the Jewish religious holidays, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

50.     Moreover, Defendants failed to pay Plaintiff CASIMIRO MARTINEZ the legally prescribed minimum wage for all his hours worked from in or around November 2019 until in or around December 2019, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

51.     Additionally, Plaintiff was paid by Defendants approximately every two (2) weeks. As such, Defendants failed to timely pay Plaintiff on a weekly basis, thereby violating the frequency of pay requirements of NYLL § 191.

52.     Due to Defendants' non-payment of overtime and minimum wages, Plaintiff suffered concrete harm and experienced a myriad of financial difficulties specifically in covering his regular expenses such as payment for his utility bills, food, transportation, and other expenses.

53.     Upon information and belief, Defendants willfully failed to post notices of the overtime wage and minimum wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

54.     Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

55.     Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

56.     Moreover, upon information and belief, Defendants were aware that they were not properly compensating Plaintiff and therefore willfully chose to continue to violate the NYLL by not paying Plaintiff proper overtime wages.

57.     As a direct result of Defendants' violations and failure to provide proper wage notices, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

58.     Furthermore, Defendants alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

### ii. Discrimination and Termination of Plaintiff's Employment on the Basis of His Age

59.     Plaintiff CASIMIRO MARTINEZ was employed by Defendants as a superintendent, maintenance worker and non-residential janitor at 770 Lefferts Avenue, Brooklyn, New York 11203, while performing related miscellaneous duties for the Defendants, from in or around 1993 until in or around May 2024.

60.     Plaintiff was approximately 69 years old at the time of his termination.

61.     Throughout his nearly thirty (30) years of employment, Plaintiff did not have any issues regarding his work performance or relationship with the building management company and was never formally disciplined for his performance.

62.     Beginning in the last several years of his employment, Plaintiff CASIMIRO MARTINEZ was subjected to continuous age-based ridicule and harassment by Defendant DAVID SPUTZ, who managed and operated Defendant HEIGHTS SERVICES LLC.

63.     Despite Plaintiff's continued service, DAVID SPUTZ regularly criticized Plaintiff as being "too slow," and stated that he "could not work fast enough" because of his age.

64.     In or around March 2024, DAVID SPUTZ explicitly told Plaintiff for the first time that he was "too old" and "too slow." In the weeks that followed, the age-related comments escalated.

65.    Approximately two weeks before terminating Plaintiff, DAVID SPUTZ again informed Plaintiff that he was "too old" to continue to do the job and that Defendants needed to "replace him with someone younger."

66.    Plaintiff had never been issued any disciplinary warnings, write-ups, or notices during his employment.

67.    Nonetheless, on May 31, 2024, DAVID SPUTZ delivered a termination letter to Plaintiff and instructed him to "go home and rest," further implying that Plaintiff was too old to continue to work, and subsequently terminated his employment, the end result of constant, years-long discrimination on the basis of Plaintiff's age.

68.    Upon information and belief, shortly after Plaintiff's termination, Defendants hired a significantly younger individual to replace him, confirming that Plaintiff's age had been the motivating factor behind his removal.

69.    Accordingly, Defendants improperly terminated Plaintiff because of his age.

70.    Plaintiff has felt humiliated, degraded, emotionally distressed, devastated, and shocked at Defendants' blatant discrimination on the basis of his age.

71.    As a result of Defendants' discriminatory treatment, Plaintiff has suffered and will continue to suffer future loss of income/wages, loss of salary, loss of employment, special damages, inconvenience, loss of bonuses, benefits and other compensation which such employment entails, loss of enjoyment of life, interference with his ability to mitigate his damages, depression, anxiety, fear, anger, emotional pain and suffering, and non-pecuniary losses.

72.    As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages as against all Defendants, jointly and severally.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

73.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

74.    Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

75.     At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

76.     At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

77.     Defendants willfully failed to pay Plaintiff's overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

78.     Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.

79.     Due to Defendants' FLSA violations, Plaintiff are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

80.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

81.     At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

82.     Defendant failed to pay Plaintiff's overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

83.     Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

84.  Plaintiff re-alleges and incorporates by reference all allegations contained in all preceding paragraphs.

85.  At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NYLL §§2 and 651.

86.  At all times relevant to this action, Defendants were employers within the meaning of the NYLL.

87.  Defendants failed to pay Plaintiff's wages for hours worked in violation of New York Labor Law Article 6.

88.  Defendants failed to credit or compensate Plaintiff the applicable minimum hourly wage for all hours worked, in violation of the New York Minimum Wage Act, specifically NYLL §652.

89.  Defendants failed to pay Plaintiff the required minimum wage, which Plaintiff was entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3.

90.  Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an amount equal to their unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

## FOURTH CAUSE OF ACTION
### Violation of Frequency of Pay Under New York Labor Law

91.  Plaintiff re-alleges and incorporates by reference the foregoing allegations as if set forth fully and again herein.

92.  Defendants willfully violated the rights of Plaintiff by failing to pay his wages owed on a weekly basis in which his wages were earned, in violation of New York Labor Law § 191.

93.  Defendants' failure to pay wages on the statutorily prescribed schedule was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

94.     Due to defendants' New York Labor Law violations, Plaintiffs are entitled to recover from defendants liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198 and § 663(1).

## FIFTH CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

95.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

96.     Defendants failed to provide Plaintiff with a written notice, of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

97.     Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION
### Violation of the Wage Statement Requirements of the New York Labor Law

98.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

99.     Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3)

100.    Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION FOR DISCRIMINATION
### Under New York State Executive Law

101.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

102.    New York State Executive Law § 296 provides that, "1. It shall be unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's . . . **age**, sex/gender, disability . . . to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

103.    Defendants violated the above-stated law.

104.    As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

105.    Defendants had no good faith business justification for the actions against Plaintiff as described herein.

106.    As a result of the acts and conduct complained of herein, Plaintiff has suffered, and will continue to suffer, future loss of income/wages, loss of salary, loss of employment, special damages, inconvenience, loss of bonuses, benefits and other compensation which such employment entails, loss of enjoyment of life, interference with his ability to mitigate his damages, depression, anxiety, fear, anger, emotional pain and suffering, exacerbated physical illness and injuries and other non-pecuniary losses.

107.    Defendants' conduct was malicious, willful and conducted with full knowledge of the law.

108.    Plaintiff is entitled to the maximum amount allowed under this statute/law.

## EIGHT CAUSE OF ACTION
## RETALIATION UNDER THE NYSHRL

109.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

110.    Executive Law § 296 provides that, "7. It shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has filed a complaint, testified, or assisted in any proceeding under this article."

111.    Defendants have engaged in an unlawful discriminatory practice in violation of the NYSHRL when they effectively terminated Plaintiff for seeking a reasonable accommodation for his disability.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully requests that judgment be granted:

   a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

13

b. Declaring that Defendants engaged in unlawful employment practices prohibited by the NYSHRL, in that Defendants discriminated against Plaintiff on the basis of his age;

c. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination and to otherwise make him whole for any losses suffered as a result of such unlawful employment practices;

d. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to his reputation in an amount to be proven;

e. Awarding Plaintiff punitive damages;

f. Awarding Plaintiff's unpaid overtime wages;

g. Awarding Plaintiff's unpaid minimum wages;

h. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

i. Awarding Plaintiff's liquidated damages for Defendants' failure to timely pay Plaintiff's wages;

j. Awarding Plaintiff prejudgment and post-judgment interest;

k. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and

l. Awarding such and further relief as this court deems necessary and proper.

**<u>DEMAND FOR TRIAL BY JURY</u>**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: November 14, 2025
    Kew Gardens, NY

*Roman Avshalumov*
Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591
Fax: 718-263-9598

14

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____
CASIMIRO MARTINEZ,

                    Plaintiff,

        -against-

LEFFERTS GARDENS CONDOMINIUM HOA CORP., HEIGHTS SERVICES LLC, and
DAVID SPUTZ, as an individual,

                    Defendants.
_____

## COLLECTIVE ACTION COMPLAINT

---

HELEN F. DALTON & ASSOCIATES, P.C.
*Attorneys for Plaintiff*
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Phone (718) 263-9591
Fax (718) 263-9598

---

To: *via Secretary of State and Personal Service:*

**LEFFERTS GARDENS CONDOMINIUM HOA CORP. (DOS ID: 4704208)**
383 Kingston Avenue #32 Brooklyn, New York 11213

**HEIGHTS SERVICES LLC (DOS ID: 3596933)**
585 Crown St, Brooklyn, NY 11213-5201

**DAVID SPUTZ**
**585 Crown St, Brooklyn, NY 11213-5201**

50 60 62 Park Ln, Tannersville, NY 12485